CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1872.

MRS. N. J. GASTON *et al. v.* M. L. McLERAN *et al.*

AN answer setting up usury, must aver clearly every particular necessary to establish the usury charged, and must distinctly negative every supposable fact which, if true, would render the transaction innocent or lawful.

IT seems more consonant with rules of construction, to hold a stipulation for reasonable attorney's fees, in case of suit, to refer to the fees given by statute, than to hold that the parties have by such stipulation rendered a contract usurious, which would otherwise have been innocent.

THIS is a suit to foreclose a mortgage executed by the defendants in favor of the plaintiff, Mrs. N. J. Gaston, to secure a promissory note, in form as follows:

"$2,000          PORTLAND, OREGON, December 14, 1870.

"Twelve months after date, without grace, we jointly and severally promise to pay to the order of Mrs. N. J. Gaston, at the First National Bank of Portland, Two Thousand Dollars, for value received, with interest from date thereof until paid, at one per cent. per month, principal and interest both payable in United States gold coin; interest payable quarter-annually, and in case suit is instituted to collect the note or any portion thereof, we promise to pay such additional sum as the court may adjudge reasonable, as attorney's fees in said suit. Due, Dec. 14, 1871.

"M. L. McLERAN,
"R. S. McLERAN,
"F. W. McLERAN."

The plaintiff alleges that $100.00 is a reasonable attorney's fee in the suit. The first defense set up in the *answer* is in the following words: "Defendants answering the complaint of the plaintiff in the above entitled suit, admit that the defendants, M. L. McLeran, R. S. McLeran, and F. W. McLeran, executed the note set forth in said complaint, but defendants deny that any of them received the sum of $2,000 as the consideration of the said note, or any other or greater sum than $1,960, and that said note was and is usurious."

*The answer* "for a further and separate defense," states the note was given in pursuance to a mutual agreement,

that the defendants should pay, "upon the full face of said note, more than legal interest, and a greater rate of interest than allowed by law, to wit: "interest at the rate of one per cent. per month, and such further sum as the court might adjudge reasonable as attorney's fees, in case suit should be instituted to collect said note, or any portion thereof, which sum is claimed by the plaintiffs in this suit to be one hundred dollars, and said note is usurious." *The answer* denies that $100 is a reasonable attorney's fee, and alleges that $50 is a reasonable attorney's fee in this suit. It also denies that the plaintiffs are entitled to recover said sum of $100, or any sum from the defendants, or any of them as attorney's fees, and denies that the defendants jointly or otherwise owe the plaintiffs any sum except $1,960 and interest since the fourteenth day of September, 1871, at one per cent. per month. And the defendants pray that judgment for $1,960 be rendered against them in favor of the State of Oregon, for the use of the Common School Fund.

The plaintiffs "demur specially to the first paragraph of said answer, and they also demur specially to the second paragraph thereof" (containing the said further and separate defense), and for cause say, "that neither of said paragraphs state facts sufficient to constitute a defense."

*Shattuck & Killin*, for the plaintiffs.

*Mitchell & Dolph*, for the defendants.

UPTON, J., delivered the following opinion: The defense set up in the first paragraph of the answer is insufficient. The declarations of the defendants as to what they admit, can be of no consequence; as a matter of law they admit whatever material allegation of the complaint they do not directly deny. What is said on the subject of admissions being disregarded; there remains the words, "defendants deny that they received the sum of $2,000, as the consideration of said note, or any other greater sum than $1,960, and that said note was and is usurious." If we supply words and treat the last cause, not as a denial, but as an allegation that the note is usurious, the allegation will not be the

statement of facts constituting a defense, and will not of itself be sufficient. (*Gould* v. *Horner*, 12 Barb. 601.) This clause, declaring that the note is usurious, neither adds to nor modifies the preceding denial, nor does the denial add to the clause. The law intends that the pleader should state only material facts, and it adds nothing to this defense to set forth the conclusion that the note is usurious. The negation contained in the first defense is simply a denial that the consideration for the note was any other or greater sum than $1,960. The only allegation of the complaint in regard to the consideration being that the note was "for value received," this denial does not meet or traverse any allegation of the complaint, and it does not appear from the complaint and this branch of the answer, taken together, that the note was for money loaned.

An answer of usury must aver clearly every particular necessary to establish the usury charged, and must distinctly negative every supposable fact which, if true, would render the transaction innocent or lawful. (*Banks* v. *Van Antwerp*, 15 How. Pr. 29; *Watson* v. *Bailey*, 2 Duer. 509.)

As to the second defense demurred to, that is, what is called a further and separate defense, I think it does not set up any new matter, or deny anything alleged in the complaint.

The complaint shows that it was the agreement of the parties that the defendant should pay the full face of the note, and interest at the rate of one per cent. per month, and such additional sum as the court may adjudge reasonable as attorney's fees, in case of suit instituted; and it shows that such sum, or reasonable value, is claimed by the plaintiff to be $100. The defendant repeats these facts, and adds the allegation: "And said note is usurious."

This last allegation, we have just seen, is insufficient; it is not the statement of a fact, and the pleader has not added anything to his defense by reiterating the facts already set forth in the complaint, before stating the conclusion, that the note is usurious.

If such an answer raises any question, it is a question of law, such as might be raised by demurrer; it presents no

issue of fact, and it is unnecessary to say that a party cannot, at the same time, both answer and demur to the same matter. If there were no other objection to this defense, it would be fatally defective because of its failure, either to meet and deny facts set up in the complaint, or to set up new matter constituting a defense.

In addition to the objections made to the form of the pleading, there was on the argument much discussion of the question, whether or not, inserting such a provision in relation to attorney's fees as is contained in this note will have the effect to render a contract usurious, where the note, as in this case, expressly provides for as great interest as the law will permit. I am not called upon by any question raised in this case to express an opinion on the effect of a stipulation in a promissory note, to pay a certain sum of money by way of indemnity, or of attorney's fees, in case of an action or suit. The practice of this court has been to give force to such stipulation, but I am not aware that an objection to that course has ever presented a contested case. In this case the parties have not stipulated for a definite sum, but for such sum as the court may adjudge reasonable. This form of the stipulation presents two other considerations, either of which when properly presented may become decisive of the sufficiency of the matter attempted to be set up by the answer.

1st. Would a court adjudge any sum reasonable, if its enforcement would be unlawful, or if such adjudication would render the whole contract usurious?

2d. If the court is called upon to adjudge what sum it is reasonable for the prevailing party to recover as attorney's fees, could the court, as a matter of law, adjudge any other sum than is provided by the code?

Section 538 of the code provides that "there may be allowed to the prevailing party, in the judgment or decree, certain sums by way of indemnity for his attorney fees in maintaining the actions or defenses thereto, which allowances are termed costs." And section 542 specifies definitely the amounts that shall be thus allowed.

It seems to me far more consistent with rules of con-

struction, to hold a stipulation in a note, for the recovery of such sum as the court may adjudge reasonable as attorney's fees, to be merely giving expression in words to that which would have been implied by the law without any express promise, than to hold that, by inserting such words in the contract, the parties have rendered the whole contract usurious and unlawful.

It can hardly be supposed that the parties intended that the amount should be ascertained by the trial of an issue of fact, since in ordinary cases of non-payment when there is no defense on the merits to the principal cause of suit, and no occasion for an answer except in relation to the amount of the fee, stipulating for such a mode of ascertaining the amount would necessitate the taking of testimony, and would greatly add to the expense and delay, without any corresponding advantage.

Whatever construction may be hereafter given to the stipulation in regard to attorney's fees, the defenses specified in the demurrer are insufficient and the demurrer must be sustained.

No application was made for leave to amend, and judgment was rendered for the plaintiff for the $2,000 and interest, and for $50 on account of attorney's fee, in accordance with the admission contained in the answer.

The defendant moved for a *new trial*, assigning as error the allowing of an attorney's fee greater than that prescribed by section 542 of the code.

The motion was overruled.