Argued February 6, decided March 3, 1914.

# FARRELL v. KIRKWOOD.

### (139 Pac. 110.)

**Usury—Pleading—Sufficiency.**

1.  The facts constituting usury must be fully and sufficiently alleged, and the proof thereof must be plain, positive and palpable.

> [As to what transactions are usurious, see notes in 81 Am. Dec. 736; 46 Am. St. Rep. 178.]

**Pleading—Defects and Objections—Cure by Verdict.**

2.  Though, on pleading over and entering trial without special objections, a pleading must be liberally construed with a view to substantial justice, yet a verdict can only cure a defective statement, and will not excuse or supply the omission of a material allegation.

**Usury—Pleading—Sufficiency.**

3.  In an action against the agent of an insurance company on notes for premiums due by policy-holders, allegations in the answer that, when a promissory note was executed to defendant by a policy-holder as payment for his first year's premium, and indorsed by defendant to the company, defendant was paid in cash by the company an amount equal to about 50 per cent of the face of the note, and that he was advanced one half the amount named in the notes set out in the complaint, and that the amount plaintiff is seeking to collect is usurious, is insufficient to show usury.

**Pleading—Form of Allegations—Conclusions of Law.**

4.  An allegation in a pleading, after statement of the facts, that the amount plaintiff is seeking to collect is usurious is merely a conclusion of law, and without effect.

From Multnomah: FRANK M. CALKINS, Judge.

This is an action by J. W. Farrell against R. J. Kirkwood to recover the amount due upon two promissory notes. From a judgment for the defendant, plaintiff appeals. The facts are set forth in the opinion of the court.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief and an oral argument by *Mr. W. E. Critchlow.*

Department 2.   MR. JUSTICE MCNARY delivered the opinion of the court.

Failing to meet the demand for the payment of two promissory notes, one for $719.81, the other for $64.90, plaintiff brings this action to recover of defendant two separate judgments. The complaint embraces the conventional allegations. The notes were executed and delivered by defendant to the Columbia Life & Trust Company, and by it indorsed to plaintiff. Defendant admits the execution of the notes, but alleges as a separate defense that for a number of years he was employed by the Columbia Life & Trust Company in the capacity of special agent, soliciting and writing insurance policies for the company; that, in the event a prospective policy-holder did not have money sufficient to pay the first year's premium for a life insurance policy, defendant was authorized to take the promissory note of the insured as payment for the first year's premium; that the vice-president of the company told defendant to accept promissory notes as payment for the first year's premium from any person whom defendant could induce to take a policy, and that the company would not hold defendant responsible in case of inability to collect; that the notes sued upon are equal in amount to notes executed by policy-holders to defendant in payment of their first year's premium, and indorsed by him to the Columbia Life & Trust Company; that, when a policy-holder did execute to defendant a note covering the first year's premium, he would indorse the note to the company, and thereupon defendant was paid in cash an amount equal to about 50 per cent of the sum mentioned on the face of the note, which in this case amounted to $363.12 on the one note and $32.45 on the other; "and defendant alleges that the amount plain-

tiff is seeking to collect from defendant is usurious, and contrary to the laws of the State of Oregon.'' By a replication, plaintiff denied the new matter incorporated in the defendant's answer, and asserted that the parties litigant had, during the month of December, a mutual accounting, whereby it was determined and agreed that the sums sued upon were justly due from defendant to plaintiff. At an incipient stage of the trial, upon suggestion by counsel for plaintiff, defendant's representative elected to defend upon the ground of usury. Following the submission of the case, the jury returned a verdict finding that the notes sued upon were usurious. Conformable to the verdict, and to Section 6030, L. O. L., the court adjudged that the State of Oregon, for and on behalf of the common school fund of the county of Multnomah, have and recover of and from defendant the sums of $363.12 and $32.45, and that the defendant herein have and recover from the plaintiff herein costs and disbursements.

Plaintiff, through his attorney, moved the court for an order granting a new trial, assigning therefor a number of grounds which were disallowed by the court.

A number of specifications of error are made on this appeal, though their orbit is around the question of the defense of usury, either upon the sufficiency of the pleadings, the testimony offered in support thereof, or the correctness of the instructions of the court as to the law applicable thereto.

The statute of the state on the subject of usury provides, among other things:

''Sec. 6028. The rate of interest in this state shall be six per centum per annum, and no more, on all moneys after the same becomes due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, expressed or implied, or on money due upon the settlement of matured

accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified; but on contracts, interest up to the rate of ten per centum per annum may be charged by express agreement of the parties, and no more.''

Section 6030 provides: ''If it shall be ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money, property, or other valuable thing, or that any gift or donation of money, property, or other valuable thing has been made or promised to be made to a lender or creditor, or to any person for him, directly or indirectly, either by the borrower or debtor, or any person for him, the design of which is to obtain for money so loaned or for debts due, or to become due a rate of interest greater than that specified by the provisions of this chapter, the same shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted to the school fund of the county where such suit is brought. The court in which such suit is prosecuted shall render judgment for the amount of the original sum loaned or the debt contracted, without interest, against the defendant and in favor of the State of Oregon, for the use of the common school fund of said county, and against the plaintiff for costs of suit, whether such suit be contested or not.''

1. Counsel for plaintiff challenges the constitutionality of this statute; but we do not deem it necessary to determine that question in the decision of this case. Whether the statute contravenes the Constitution of our state becomes important only when other issues are not determinable of the litigation; therefore, we must ascertain by judicial inquiry, first, whether the matters averred in the answer are sufficient to constitute the defense of usury. While the exaction of an unlawful rate of interest is highly despicable, yet the right of property is most sacred, and no one should be deprived of it, except by due process of law, so, for that reason,

the facts constituting usury must be fully and suffi-ciently alleged, and the proof thereof must be plain, positive and palpable.

2, 3. The wholesome rule is firmly intrenched in the jurisprudence of this state that, on pleading over and entering the trial without special objections, a plead-ing must be liberally construed with a view of substan-tial justice between the parties litigant. However, this tenet must be considered in connection with the other, namely: That a verdict can only cure a defective statement, but not excuse or supply the omission of a material allegation. Mr. Justice STRAHAN, in *Balfour* v. *Davis,* 14 Or. 47 (12 Pac. 89), adopted the rule of pleading with respect to usury set forth by Tyler on Usury as follows:

"Thus it appears that, in order to constitute usury, there must be (1) a loan express or implied; (2) an understanding between the parties that the money lent shall or may be returned; (3) that for such loan a greater rate of interest than is allowed by law shall be paid, or agreed to be paid, as the case may be; and (4) a corrupt intent to take more than the legal rate for the use of the sum loaned. Unless these four things concur in every transaction, it is safe to affirm that no case of usury can be declared, and this may be regarded as a rule universally recognized in all of the states": See *Gaston* v. *McLaran,* 3 Or. 389.

Measuring the allegations of the complaint by this rule, its insufficiency is apparent.

4. The only statement in the pleading referring to the defense of usury is set forth in paragraph 5 of the answer: "That, when a promissory note was executed to defendant by a policy-holder in said company as payment for his first year's premium, and indorsed by defendant to said company, defendant was paid in cash by said company an amount equal to about 50 per cent of the amount mentioned on the face of said

69 Or.—27

note, or defendant was advanced by said company the sum of $363.12 and the sum of $32.45, or one half the amount named in the face of the promissory notes set out in plaintiff's complaint; and defendant alleges that the amount plaintiff is seeking to collect from defendant is usurious, and contrary to the laws of the State of Oregon.'' The concluding statement of the paragraph adds nothing to the operative value of the allegation, being but a conclusion of law, and therefore insufficient for any purpose: *Hughey* v. *Smith*, 65 Or. 323 (133 Pac. 68).

Concluding that the defense of usury is insufficient in substance to satisfy the legal principles applicable thereto, requires an order reversing the judgment of the Circuit Court.                                    REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.