Submitted on brief by appellants February 10, affirmed February 21, 1928.

# S. LORBER *v.* L. MABEL MARSHALL ET AL.

(264 Pac. 438.)

Appeal and Error—Findings of Trial Court on Controverted Facts are Conclusive on Appeal.

1. Findings of trial court as to controverted facts are conclusive on appeal.

1. See 2 R. C. L. 194.

Usury—Loan With Intent to Take Interest Exceeding Statutory Rate is Essential Element of Usury.

2. Making of loan with intent to take rate of interest in excess of statutory rate is essential element of "usury."

Usury—Answer Alleging Note Sued on was Given for Waiver of Payment Due on Another Note and Reduction of Payments Held not to Sufficiently Allege Loan Essential to Usury.

3. In action on note, affirmative answer alleging that note was given for promise to waive certain payment due on another note and reduction of future payments thereon and as bonus or additional interest on balance of another note, which was given for furniture, *held* not sufficiently to allege loan made by plaintiff to defendants so as to make defense of usury available.

Usury—Finding That Note was for Valid and Valuable Consideration and That Usury was not Sufficiently Pleaded Held Equivalent to Finding of No Intent to Take or Give Usurious Interest.

4. In action on note in which affirmative answer set up that note was given for promise to waive payment due on another note and for reduction of future payments thereon and to prevent foreclosure and as bonus or additional interest on such note, finding of fact that note was given for valuable and valid consideration and that defense of usury was not sufficiently pleaded *held* equivalent to finding of no intent by plaintiff or defendants to take or give usurious rate of interest.

Appeal and Error, 4 C. J., p. 876, n. 78.
Bills and Notes, 8 C. J., p. 1082, n. 11.
Usury, 39 Cyc., p. 919, n. 60, p. 925, n. 83, p. 1043, n. 75.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

This is an action instituted to collect a promissory note for the sum of $285 and attorneys' fees. Defendants attempted to plead usury as a defense. The case was tried without a jury. The court found as a fact that the note was given for a valid and valuable consideration and that the defense of usury was not sufficiently pleaded. Defendants appeal. Plaintiff does not appear in this court.    AFFIRMED.

2. What is usury and when available as defense, see note in 55 Am. Dec. 392. See, also, 27 R. C. L. 203, 220. Usury defined, 21 A. L. R. 797.

For appellants there was a brief over the name of *Mr. J. N. Hart.*

No appearance for respondent.

COSHOW, J.—Requisites for the presence of usury are enumerated as follows in 39 Cyc. 919, paragraph D–1:

"(1) An unlawful intent; (2) the subject matter must be money or money's equivalent; (3) a loan or forbearance; (4) the sum loaned must be absolutely, not contingently, repayable; and (5) there must be an exaction for the use of the loan of something in excess of what is allowed by law."

To the same effect, see *Teshner* v. *Roome,* 106 Or. 382, 395 (210 Pac. 160, 212 Pac. 473); *Coast Finance Corp.* v. *Powers,* 105 Or. 339, 343 (209 Pac. 614, 21 A. L. R. 855); *Farrell* v. *Kirkwood,* 69 Or. 413 (139 Pac. 110); *Anderson* v. *Griffith,* 51 Or. 116 (93 Pac. 934); *Balfour* v. *Davis,* 14 Or. 47, 52 (12 Pac. 89).

1, 2. The findings of the court are conclusive on this court as to the controverted facts. There is no allegation in the affirmative answer charging that plaintiff made a loan to defendants. On the contrary it appears that the promissory note was executed and delivered for other services. The making of a loan with the intent to take a rate of interest in excess of the statutory rate is an essential element of usury under all of the authorities.

3, 4. The affirmative answer, after alleging the purchase by defendants from other parties of certain furniture in an apartment house for which they gave their promissory note for the sum of $13,683.70, payable in monthly installments of $600 each on the fifteenth day of each month with interest at 7 per

cent per annum, payable monthly and the payment of said installments for thirteen months, their inability to pay the installment falling due on May 15, 1922, their desire to have the installments reduced from $600 to $400 per month, and the assignment of said note and balance due thereon to plaintiff prior to May 19, 1922, the date of the note involved in the instant action, alleges as follows:

"IV.   At said time, said Lorber demanded payment of all of said note, and threatened that if all thereof was not paid, he would immediately foreclose his said mortgage, which foreclosure would entail upon the defendants a loss of $15,000 or more.   Said threats were made for the sole purpose of intimidating the defendants and of coercing them into executing the promissory note mentioned in the complaint.

"V.   Thereupon, at the insistence of said Lorber, and by reason of his said threat, and upon his promise that he would waive the May, 1922, payment on said first mentioned note, and would also reduce the future payments thereon to $400 per month, beginning with the month of June, 1922, and to prevent said foreclosure, and as a bonus, or additional interest upon the balance of said first named note, the defendants executed and delivered to plaintiff the note mentioned in the complaint.

"VI.   That no other promise was made by the plaintiff, and no consideration passed to the defendants for the making of said promissory note."

An examination of these allegations clearly and conclusively discloses that no loan was made by the plaintiff to defendants and the court's findings are equivalent to a finding that there was no intent on the part of the plaintiff or defendants to take or give a usurious rate of interest.

The judgment is affirmed.                    AFFIRMED.