## MARBLE SAV. BANK OF RUTLAND, VT., v. DAVIS.

### No. 4591.

Court of Civil Appeals of Texas. Texarkana.

Jan. 31, 1934.

Rehearing Denied Feb. 8, 1934.

E. R. Pedigo and G. F. Zimmerman, both of Austin, for appellant.

Neyland & Neyland, of Greenville, for appellee.

LEVY, Justice.

The appellee brought the suit against the appellant bank seeking, upon the alleged ground of usurious contract, to have payments of interest on the principal sum previously made by her or for her benefit applied in discharge of the balance of $1,300 on the principal note originally for $2,350 with interest; to cancel the deed of trust on sixty-five acres of land executed to secure payment of the note and interest; to remove from the land the cloud cast upon the title.

The appellant answered by general denial, and by way of cross-action sought judgment on the note with foreclosure of the lien on the land and an order of sale.

The case was tried before the court upon an agreed statement of facts which included the principal note, the coupon interest notes, and the deed of trust. It was agreed "that if the plaintiff is not entitled to recovery on her plea of usury, the defendant is entitled to judgment of foreclosure and order of sale on the cross action."

The court, finding usury, credited the principal note with the sums paid upon the principal and the interest coupon notes and adjudged the note discharged thereby, canceled the deed of trust upon the land, and removed the cloud from the title to the land, and adjudged the cost against the defendant bank.

The facts in the case, as material to state, show that the principal note was made payable to the Maxwell Investment Company and was thereafter, on March 22, 1922, transferred to the appellant bank and the appellant bank is now the owner of the note and has been since its transfer; that the appellee has paid each of the coupon notes due and has paid on the principal note the sum of $1,050, leaving due and unpaid thereof the sum of $1,300; that the note, signed by the appellee and of date February 1, 1922, reads as follows:

"First Mortgage Real Estate Note.
"No. 18640                    "$2,350.00

"On the 1st day of January, 1933, without grace, for value received, we promise to pay to the order of Maxwell Investment Company at the Guaranty Trust Company of Kansas City, Missouri, Twenty-Three Hundred Fifty and No/100 ($2,350.00) Dollars, in lawful money in the United States of America, with exchange on the City of New York, with interest thereon at the rate of 7% per annum, payable annually, according to the terms of coupon interest notes of even date herewith and hereto attached.

"This note shall bear interest at the rate of 10% per annum after maturity until paid. In the event of default in the payment of this note or any interest thereon, both note and coupon shall be payable at the office of said Company, Dallas, Texas. Partial payment may be made in accordance with privilege endorsed on the back of this note.

"Dated this 1st day of February, 1922.
              "[Signed] ——————."

On the back of the note is indorsed:

"Privilege is granted to pay $100.00 or any multiple thereof on any interest date, provided such payment does not exceed ⅕ of the principal in any one year. This privilege is not to be cumulative."

Attached to the above note were eleven coupon interest notes. Coupon interest note No. 1, signed by the appellee, reads as follows:

"Coupon Note.
"No. 18640                    "$150.70.

"On the 1st day of January, 1923, for value received, we promise to pay to the Maxwell Investment Company or bearer at the Guaranty Trust Company at Kansas City, Missouri, One Hundred Fifty and 70/100 ($150.70) Dollars in lawful money in the United States of America with exchange on the City of New York, for interest due on that date according to the tenor of a principal note for $2350.00 of even date herewith. This coupon to draw 10% interest after maturity until paid.

"Dated this 1st day of February, 1922.
"Coupon No. 1.    "[Signed] ——————."

The ten other coupon interest notes are identical with the above coupon interest note

No. 1, except as to their respective due dates and the amount. The ten coupon interest notes are in the amount of $164.50 each and due respectively on January 1, 1924, to January 1, 1933, inclusive.

The plaintiff executed a deed of trust upon sixty-five acres of land to secure payment, as recited in the deed of trust, of the principal note and also of the payment of each of the interest coupon notes. The deed of trust provides, as far as need be stated, that:

"The grantor hereby covenants and agrees with said third party and its successors and assigns as follows, to-wit:

" * * * In the event default shall be made in the payment of principal or interest, and said note or notes or any of the coupons thereto attached shall be placed in the hands of an attorney for collection, or to be proved or established, or allowed in any court, to pay 10% of the amount thereof as attorney's fee, and further, in the event of such default, to pay said principal, interest and attorney's fee at the office of said third party at Dallas, Texas; * * * But if default be made in the payment of any indebtedness herein provided for, whether principal or interest, when the same becomes due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, then the whole of the indebtedness may, at the option of said third party, or any holder of said note or notes, or other indebtedness secured hereby, without notice to said grantors, be declared due and payable, and the said third party, or any holder of said note or notes, or other indebtedness secured hereby, may, at its or their option, institute proceedings respectively for the collection at law or in equity, of such amounts as may then be unpaid, or the said party of the second part or his successors hereunder when so requested by the third party, or any legal holder of said note or notes, shall take possession of said property and shall sell or cause the same to be sold, or so much thereof as may seem to him necessary to meet said indebtedness and the expense of executing this trust. * * * And shall receive the proceeds of such sale to be applied as follows: * * * Third, to the whole debt due to the said third party, its successors or assigns, together with all interest thereon;" etc.

The conclusion of the trial court was that:

"The terms of the deed of trust secured the payment of the coupon interest notes as well as the principal note and gave the right, upon default in the payment of any coupon interest note, of the holder of them to declare them all due as well as to declare the principal due, and such terms of the deed of trust makes the contract usurious."

The single point for decision on appeal, as agreed by the parties, is "that of whether or not the contract, evidenced by the principal note, the interest coupons and the deed of trust was, as a matter of law, usurious by reason of the acceleration clause in the deed of trust."

■ It is believed the trial court has correctly construed the terms of the accelerating clause in the deed of trust, as authorizing collection of usurious interest under the statutes. The argument of appellant is that the words "then the whole of the indebtedness may" be "declared due and payable" refer only to the interest and interest notes that have become in arrears and finally payable and are not paid. But it is thought that this construction is not the necessary and unavoidable one. That every word of the clause may have a fair construction without introducing such restrictive construction. It was expressly provided that whenever "any indebtedness herein provided for, whether (it be) principal or interest," through a "default" or arrears of timely payment become "due and demandable" as a matter of fixed obligation as to time of payment, then, and in that event, "the whole of the indebtedness," meaning the indebtedness collectively "herein provided for" and then payable as well as payable in the future, may be "declared due and payable." The words "the whole of the indebtedness may be declared due and payable" refer not alone to indebtedness owing and in arrears and payable, but speaks as well prospectively of the indebtedness collectively payable in futuro. Stated in other words, the whole of the indebtedness herein provided for shall be due and payable whenever there is default "in any indebtedness herein provided for, whether it be principal or interest." An indebtedness may mean a sum owed or owing, but sometimes what is owing is not due. A note payable a year after date is legally owing upon its delivery to the payee, but it is not due until the year has elapsed. The language broadly used "that the whole of the indebtedness" provided for shall become due and collectible is hardly susceptible of the limited construction that the principal and accrued interest only shall become due and collectible. If so intended, the simple language could easily have been used that the principal and accrued interest shall be due and de-

mandable. If the language of either the principal note or the deed of trust had indicated, as some of the reported cases show, the meaning of the "whole indebtedness" to be the principal and "accrued interest," then a different situation may have been present here. It is quite clear when effect is given, as must be done, to the right of the lender or holder to advance or accelerate the due date, that the rate of interest as fixed in the contract will automatically be increased, amounting to usury under the statutes. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269; Bothwell v. Bank & Trust Co., 120 Tex. 1, 30 S.W.(2d) 289, 76 A. L. R. 1480; Reynolds Mortgage Co. v. Thomas (Tex. Civ. App.) 61 S.W.(2d) 1011; and other cases.

There is distinguishment between the language of the present accelerating clause and that in Ætna Life Ins. Co. v. H. D. Foster et ux., 66 S.W.(2d) 428, lately decided by this court, and Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634.

The judgment is affirmed.