## STONER ELECTRIC, INC.,
*Respondent,*

*v.*

## GAUDRY et al
*Appellants.*

### (No. A7907-03638, CA 17927)
624 P2d 155

Howard R. Hedrick, Portland, argued the cause for appellants. With him on the briefs was Dana R. Taylor, Portland.

Leslie M. Roberts, Portland, argued the cause for respondent. With her on the brief was Kell, Alterman & Runstein, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

In this action on a promissory note and guaranty agreement, defendants appeal from a judgment for plaintiff entered after defendants' affirmative defense of usury was stricken on plaintiff's motion. We affirm.

The underlying facts are not in dispute. Plaintiff provided labor and material to defendants Marc and Lawrence Gaudry pursuant to an agreement that payment was to be made when the work was completed. When payment was not made as agreed, plaintiff filed a lien foreclosure suit.[1] In order to avoid the consequences of a foreclosure decree, those two defendants effected a settlement with plaintiff, by the terms of which those defendants executed a promissory note for the unpaid balance owing plaintiff, together with interest thereon at the rate of 14 percent per annum, and all of the defendants executed an agreement under which they guaranteed payment of that note, with interest. In consideration for those undertakings, plaintiff not only agreed to forbear from foreclosing its construction lien, but also agreed to release the lien.

Defendants defaulted in the payment of the note and guaranty, whereupon plaintiff commenced this action on the note and guaranty agreement. Defendants, in an affirmative defense, alleged that the note required them to pay interest at the rate of 14 percent per annum, and "* * * on account thereof the contract violates the usury statutes of the State of Oregon."[2] On plaintiff's motion to strike that defense, the trial court ruled that the transaction was not usurious, and it is that ruling which is the only claimed error preserved by defendants.

---

[1] There is no dispute as to the validity of the lien claim.

[2] We need not decide whether the affirmative defense alleged sufficient facts to constitute the defense of usury. *See Balfour v. Davis,* 14 Or 47, 12 P 89 (1886), where the court said:

"* * * Thus it appears that in order to constitute usury there must be (1) a loan, express or implied; (2) an understanding between the parties that the money lent shall or may be returned; (3) that for such loan a greater rate of interest than is allowed by law shall be paid, or agreed to be paid, as the case may be; and (4) a corrupt intent to take more than the legal rate for the use of the sum loaned. * * *" 14 Or at 52.

ORS 82.110(1) provides:

"No person, corporation or association, mutual or otherwise, shall receive in money, goods or things in action, or in any other manner, any greater sum or value for the loan or use of money than in this chapter prescribed."

In the context of this case, the maximum interest rate for the loan or use of money under subsection (1), quoted above, would be 10 percent per annum. ORS 82.010(2). Defendants' principal contention is that forbearance in the collection of a matured debt is a "use of money" within the meaning of ORS 82.110(1), and therefore an interest rate of 14 percent per annum for such forbearance constitutes usury.

Even if we assume that a charge by the creditor for a mere forbearance constitutes a charge for the use of money by the debtor within the meaning of ORS 82.110(1), it is clear from the transaction involved in this case that the consideration for the interest rate of 14 percent included substantially more than deferring payment on a matured debt: it included the release by plaintiff of a lien on defendants' property (together with the priority attendant to the lien), and an agreement to forbear foreclosing that lien, neither of which involves the use of money, as such.[3] In giving up those rights, plaintiff gave up the right to immediate and assured payment through the sale of defendants' property, and in doing so, plaintiff was entitled to negotiate a "price" which was independent of any loan or use of money or forbearance. Here plaintiff obtained a 'price' expressed in terms of money in the form of interest and also in terms of a guarantee from the two defendants who would not otherwise be liable for the debt.

We conclude, therefore, that because the charge made by plaintiff was exacted for more than the use of

---

[3] It might be contended that a closer case was presented in *Lorber v. Marshall et al,* 124 Or 272, 264 P 438 (1928), where plaintiff, the holder of a note and mortgage, agreed to waive a default, forbear foreclosure and accept reduced monthly payments in exchange for enhanced interest (which would have been usurious). The court held that no loan was made and there was no intention on plaintiff's part to charge a usurious rate of interest.

money, the transaction does not come within the prohibition of the usury laws.[4]

Defendants' only other assignment of error is that a motion to strike was not the proper vehicle for testing the sufficiency of their affirmative defense of usury. Because the parties argued the question on the substantive issue in the trial court, we do not reach the procedural question raised here.

Affirmed.

---

[4] In light of our disposition of the case, we need not consider whether this case comes within the time-price differential held not to fall within the usury statutes. *John Deere v. Delphia,* 266 Or 116, 511 P2d 386 (1973); *cf. Empire Building Supply v. EKO,* 40 Or App 739, 596 P2d 593 (1979).