## DRISCOLL v. MORRIS et al.   (No. 8673.)

(Court of Civil Appeals of Texas.   Galveston.
May 28, 1925.)

**1. Homestead ⊕→129(1)—Wife held without right, under evidence, to restrain sale conferred by deed of trust.**

In suit by wife to restrain sale under power of deed of trust, executed by her and her husband, reincumbering alleged homestead property purchased by them, contract for which was defaulted, facts *held* not to make case for plaintiff; defendants as transferees of note and mortgage having no notice of alleged fraud or irregularity, if any, in transaction by which mortgagee obtained execution of notes and liens.

**2. Homestead ⊕→110—Husband may reincumber or dispose of homestead in adjustment of valid liens against it.**

Husband's right to reincumber or dispose of homestead in adjustment of valid liens against it is not questioned where such adjustment is not made in fraud of wife's rights.

**3. Trial ⊕→388(2)—Act requiring court to file conclusions of fact and law limited to cases tried without jury.**

Statute requiring court to file conclusions of fact and law is limited to cases tried by court without jury, and has no application to case in which there is instructed verdict.

Error from District Court, Harris County; W. E. Monteith, Judge.

Suit by Elizabeth A. Driscoll against W. C. Morris and others. Judgment for defendants, and plaintiff brings error. Affirmed.

A. F. Sundermeyer and Stewart, DeLange & Milheiser, all of Houston, for plaintiff in error.

PLEASANTS, C. J. This suit was brought by plaintiff in error against defendants in error, to restrain the sale under power conferred by a deed of trust, executed by plaintiff and her husband, of lot 19 in block 136 in Houston Heights in the city of Houston.

The petition for injunction alleges that the property was the homestead of the plaintiff at the time the deed of trust was executed, and that the indebtedness to secure which the deed of trust was executed was not a charge upon the homestead for which a lien could be created under the Constitution of this state. A temporary injunction was granted by the trial court, and defendants thereafter filed cross-action against plaintiff and her husband, asking for a judgment for their debt and a foreclosure of a vendor's lien upon the property.

In reply to this pleading by the defendants, plaintiff filed a supplemental petition alleging, in substance, that plaintiff purchased the property from D. Barker on December 2, 1918, for $1,900, paying $150 cash and the balance to be paid in monthly installments,

and has occupied the property as their homestead ever since, and had paid the monthly installments so that only $1,100 remained unpaid in December, 1921; that on December 8, 1921, the husband of the plaintiff conspired with D. Barker to defraud the plaintiff and to place an additional incumbrance on the homestead of plaintiff, and in pursuance of such scheme the said D. Barker and plaintiff's former husband induced plaintiff, joined pro forma by her husband, J. T. Driscoll, to execute one note for $1,500 and one for $200, and Barker executed a deed conveying the property to plaintiff as her separate estate, and purporting to retain a vendor's lien to secure said two notes aggregating $1,700, bearing 8 per cent. interest and 10 per cent. attorney fees; and that said purported lien in excess of the $700 still due was void. Plaintiff alleged that defendant took said notes with knowledge of the facts, and asked that D. Barker be made a party defendant, and, if defendants were bona fide holders, that plaintiff have judgment against D. Barker, and offered to pay defendants whatever might be found due under the original contract of purchase.

D. Barker was duly cited to appear November 26th as a party defendant. Defendants filed a supplemental petition on October 26th, containing special exceptions to making D. Barker a party and a general denial. On November 1st the court sustained defendants' special exception and dismissed D. Barker as party defendant, to which plaintiff duly excepted.

After hearing the evidence on final trial in the court below, the court instructed the jury to return a verdict in favor of defendants upon their cross-action, and, upon a return of such verdict, rendered judgment for defendants establishing their debt and lien and foreclosing the lien against the property. No personal judgment was rendered against plaintiff.

The undisputed evidence shows that the plaintiff and her husband, J. T. Driscoll, contracted with D. Barker to purchase the lot in controversy on December 2, 1918, for the sum of $1,700. At the time this contract was made, plaintiff was living with her husband, and the lot was purchased for a homestead, and was thereafter occupied by plaintiff and her husband as their home. By the terms of the contract of purchase, the Driscolls were to pay $100 cash and agreed to pay $30 per month for the next 6 months and $25 per month thereafter until the $1,600 balance of the purchase price, with 8 per cent. interest thereon from the date of the contract, was fully paid. It was expressly stipulated in the contract that, in case of default in the payment of any three consecutive installments of the purchase money agreed to be paid by the purchasers, the contract of

purchase should become null and void at the option of the grantor, D. Barker, and plaintiff and her husband would peaceably surrender the possession of the premises. The $100 cash consideration was paid on the execution of the contract, and a number of the installments thereafter due were also paid. The total amount of these payments is not definitely shown, but the uncontradicted evidence shows that in September, 1921, plaintiff and her husband had failed to pay at least four or five of the next preceding installments. This being the situation, Barker and plaintiff's husband, after Barker had asked for possession of the premises, began negotiations for a renewal of the contract of purchase, which culminated in a new agreement, by the terms of which Barker agreed to furnish the money required to make improvements and repairs on the premises desired by Driscoll, and after such improvements were made to execute a deed to the property to plaintiff in her separate right for a consideration of $1,700 to be evidenced by two notes, one for $200 and the other for $1,500. In pursuance of this agreement, Barker executed a deed to plaintiff on December 8, 1921, conveying her the property for a recited consideration of $10 cash and two notes of even date with the deed, executed by plaintiff and her husband, one for $1,500 payable 3 years after date, with interest at the rate of 8 per cent. per annum, payable semiannually, and the other for $200, with 8 per cent. interest, payable in monthly installments of $10.

This deed expressly reserves a vendor's lien upon the property to secure the payments of these notes. Before the execution of this deed, Barker obtained from the Driscolls the original contract, on which was the following indorsement signed by plaintiff in error and her husband, J. T. Driscoll: "Mr. Barker, we hereby request that you replace this contract with deed to Mrs. Elizabeth A. Driscoll." On the same date as the deed above described, plaintiff in error and her said husband executed a deed of trust on the property to W. C. Morris, trustee, to secure the payment of the notes before mentioned.

Appellees Stewart Title Guaranty Company and W. D. Henck are the respective owners of these notes, having purchased them before maturity for a valuable consideration, and without any knowledge or notice of any fraud in the transaction between plaintiff's husband and D. Barker. Plaintiff and her husband were divorced prior to the institution of this suit, and his whereabouts are unknown.

Appellant's brief was not filed within the time required by the rules, and appellees, before the submission of the cause in this court, presented a motion to strike out the brief and dismiss the appeal. This motion might properly have been granted, but, because of the nature of the case, involving as it does a wife's claim to a homestead, we, in the exercise of the discretion given us under the rules, took the motion with the case so that, if the record upon examination presented doubtful questions of law, we might reset the case for submission, and give appellant an opportunity to file briefs.

[1] In our opinion the undisputed facts, above stated, required the trial court to render judgment for appellees. If any issue of fraud was raised by the uncertain and contradictory testimony of plaintiff, it could only affect her rights as against D. Barker; appellees having no notice of any fraud or irregularity in the transaction by which Barker obtained the execution of the notes and liens.

[2] The right of the husband to reincumber or dispose of a homestead in the adjustment of valid liens against it has never been questioned by our courts, where such adjustment is not made in fraud of the wife's rights. White v. Shepperd, 16 Tex. 172; Cooper v. Hinman (Tex. Com. App.) 235 S. W. 564.

Under the uncontradicted evidence, plaintiff and her husband had made default in their original contract of purchase, and under the express terms of the contract their rights in the property became extinguished at the option of Barker. In this situation Barker and the husband made the new contract under which the deed and notes were executed. Plaintiff signed these notes and also signed the request for the substitution of the deed and notes for the original contract, and the deed of trust to further secure the payment of the notes. She does not deny the execution of any of these instruments further than to attack the certificate of the notary that her privy acknowledgment was taken to the deed of trust. Her claim is that the purpose of the substitution of the deed and notes for the original contract was to obtain a loan to make improvements on the homestead and that the notes and lien given for this purpose were void because no contract for such improvements was executed by her as required by law. No such issue is raised by the evidence.

[3] The contention that the case should be reversed because of the failure of the trial judge to file conclusions of fact and law as requested by plaintiff is without merit. The statute requiring the court to file such conclusions is limited to cases tried by the court without a jury, and has no application in cases in which there is an instructed verdict. In a case of this kind the appeal must be determined on the evidence as a whole, and the fact conclusions of the trial court are of little importance.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.