McNEAL et ux. v. McCRAW et al. (No. 3653.)

Court of Civil Appeals of Texas. Texarkana. Feb. 14, 1929.

Couch & Couch, of Bonham, for appellants. Cunningham & Lipscomb, of Bonham, for appellees.

WILLSON, O. J. (after stating the facts as above). ▇ It appearing from the evidence that appellant Idella McNeal did not join her husband, appellant Jim McNeal, in the execution of the deed to McCraw, and it appearing, further, that the land was appellants' homestead and was being used and occupied as such at the time said deed was so executed, it is insisted the deed did not operate to pass the title to McCraw. The trial court found, and there was evidence to support his findings, that appellants owed $1,500 of the purchase price they agreed to pay E. E. Robertson for the land, and that McCraw was the owner and holder of vendor lien notes evidencing such indebtedness, and had succeeded to Robertson's rights as such vendor. It is settled in this state that "the homestead claim is inferior to the vendor's right to the unpaid purchase money," and, if such money is unpaid, that "the husband may, when his act is done in good faith, reconvey the property in satisfaction of the incumbrance, and that such reconveyance will be binding upon the wife." Evans v. Marlow (Tex. Civ. App.) 149 S. W. 347; Driscoll v. Morris (Tex. Civ. App.) 275 S. W. 196; Wheatley v. Griffin, 60 Tex. 209. It is also the law that a vendor "may pass the superior title to the holder of the unpaid purchase money note," and that "such assignee of the note and superior title may likewise pass such superior title to a subsequent assignee of the same unpaid purchase-money note." R. B. Godley Lumber Co. v. C. C. Slaughter Co. (Tex. Civ. App.) 202 S. W. 801. There was neither pleading by appellants nor proof that bad faith on the part of appellant Jim McNeal toward his wife entered into his act in conveying the land to McCraw in satisfaction of the unpaid part of the purchase money thereof. The case as made by the evidence and the law being as stated, it cannot be said the trial court erred in holding that appellant Jim McNeal's deed operated to pass the title to the land to McCraw. Therefore appellant's contention to the contrary is overruled.

[4, 5] As shown in the statement above, the trial court found that McCraw conveyed the land back to appellants in consideration of the execution and delivery to him of the note sued upon. It was contended by appellants in the court below, and the contention is renewed here, that the evidence did not warrant either the finding that McCraw so conveyed the land or the finding that they or either of them executed and delivered the note sued upon. The evidence was conflicting. It was for the trial court, and not this court to determine the conflict; and, he having determined it in appellee's favor on evidence warranting such a determination, this court should not, and will not, set aside his ruling in the matter. Lanier v. Looney (Tex. Civ. App.) 2 S.W.(2d) 349.

▇ Quite a number of other contentions are presented by assignments in appellants' brief. Those numbered 1 to 6, inclusive, in which complaint is made of rulings of the trial court in admitting evidence specified

over appellants' objection, are overruled, because we think the evidence objected to was clearly admissible as against the objections urged to it. Perhaps the objections to the testimony referred to in the assignments numbered 7 and 8 should have been sustained, but the trial was to the court without a jury; and the error, if any, in overruling the objection should be treated as harmless [Haskins v. Henderson (Tex. Civ. App.) 2 S. W.(2d) 864; McWhorter v. Oliver (Tex. Civ. App.) 2 S.W.(2d) 282], for it is not reasonable to suppose, on the record before us, that the action of the court was influenced by it to appellants' prejudice. The contentions presented by the other assignments in the brief are believed to be also without merit when considered with reference to the record, and therefore they are overruled.

The judgment is affirmed.