**HILL et al. v. WRIGHT et ux.**

No. 3440.

Court of Civil Appeals of Texas. Amarillo.

July 12, 1930.

Will Crow, of Canadian, for appellant.

Cook, Smith & Teed, of Pampa, for appellees.

HALL, C. J.

On November 22, 1913, J. R. Adams and wife conveyed by warranty deed the southwest quarter of section 36, block A–5, H. & G. N. Railway Company surveys in Wheeler county, to J. Y. Wright. As part of the consideration for such conveyance, the grantee Wright assumed the payment of a certain vendor's lien note in the sum of $100, which his grantor Adams had executed to T. R. Michie and which represented part of the purchase money, and, as further consideration, Wright assumed the payment of 97½ cents per acre due the state of Texas for the land.

On July 1, 1921, Wright and wife conveyed the land to C. B. Ferguson. The recited consideration is $1,400 cash, the execution of one vendor's lien note in the sum of $2,500, and the assumption by Ferguson of the above-described note for $100 which Adams had executed to Michie, and the further assumption of the payment of 97½ cents per acre due the state of Texas, said quarter section being part of the school lands of the state. This deed also recites the execution of a second note for $2,500 as part of the consideration.

On April 28, 1923, C. B. Ferguson and wife reconveyed the said quarter section of land to J. Y. Wright by general warranty deed. The recited consideration is $5,000, part of which sum is represented by the cancellation of one of the $2,500 notes which Ferguson had executed to Wright and mentioned in the foregoing deed. As further consideration, Wright assumed the payment of the other $2,500 note, which, as the deed recites, was then held by W. L. Mathers. As part of the consideration for the conveyance, Wright and wife executed a deed of trust covering said quarter section to J. C. Rawling as trustee to secure the payment of their note to Walter Darlington in the sum of $1,800, together with ten interest coupons attached to said note. The instrument contains this recital:

"The money represented by the note of which the above is a copy having been furnished us by Walter Darlington at our special instance and request for the purpose of taking up, renewing and extending one certain promissory vendor's lien note, dated November 22, 1913, executed by J. R. Adams and payable to T. R. Michie or order, due

and payable on or before January 1, 1919, being fully described in the deed executed by T. R. Michie, et ux, to J. R. Adams and which said note has been renewed and extended by verbal agreement from time to time and was assumed by J. Y. Wright; and for the further purpose of paying the State of Texas $156.00, being the balance of the original purchaser's obligation on said land and to take up a part of one certain promissory note for the sum of $2,500.00 dated July 1, '1921,' executed by C. B. Ferguson and payable to J. Y. Wright and fully described in deed executed by J. Y. Wright and wife to Ferguson. * * * And Walter Darlington, his heirs and assigns, are hereby subrogated to all the rights of the grantors in said deed and the payees in said notes and the holders of same."

On Sept. 9, 1924, W. L. Mathers transferred to Walter Darlington the original vendor's lien note for $100, which Wright had assumed in his purchase of the land from Adams, and at the same time assigned the vendor's lien to secure said note. On September 7, 1928, Walter Darlington, by written assignment, conveyed to the appellant, Leona Hill the note for $1,800 with its interest coupons, which Wright and wife had executed to Darlington and which said note was secured by the above-mentioned deed of trust upon the quarter section of land in question.

This action was instituted by J. Y. Wright and wife, Mrs. Earcle Wright, to cancel said note for $1,800, together with the deed of trust which the plaintiffs had executed to Rawling as trustee to secure said note. The pleadings of both parties are voluminous, and set out the transactions briefly referred to in the beginning of this opinion with much particularity and detail, but suffice it to say that the grounds upon which the plaintiffs Wright and wife sought to cancel the note for $1,800 are that the execution of the deed to Ferguson and the reconveyance by Ferguson to them are a simulated transaction in an attempt to mortgage the land in question which Wright and wife claim constituted their homestead at that time, and they further assert that the mortgage executed to Rawling as trustee to secure the note for $1,800 and its ten interest coupons was in furtherance of the simulated transaction to fix a mortgage upon their homestead, and they further plead that said deed of trust was never acknowledged by either Wright or his wife before Amy M. Lewis (Craig), notary public. Leona Hill, Walter Darlington, and J. C. Rawling, as trustee, were made parties defendant.

Walter Darlington filed a disclaimer, and the defendants Leona Hill and Rawlings, by way of answer, alleged that Leona Hill was the innocent purchaser of the $1,800 note for value before its maturity, that appellees Wright and wife were estopped to assert the invalidity of the deed of trust. They prayed for all relief, both general and special, to which they were entitled in law and in equity.

The case was submitted to the jury upon two issues inquiring whether Wright and his wife appeared before Amy M. Lewis (Craig) on September 4, 1924, and acknowledged the deed of trust of February 21, 1924. Both issues were answered in the negative. No request was made to have the jury pass upon the issues of fraud, estoppel, bona fide purchaser, or homestead claim.

It appears from the record, however, to have been conceded that the land in question was the homestead of Wright and wife at the time of the deed to Ferguson and at the time of the execution of the $1,800 note to Darlington and the mortgage to secure it. Based upon the verdict, the court rendered a judgment in favor of Leona Hill against both Wright and his wife for the amount of the $1,800 note, with interest and attorney's fees, and further decreed that the deed of trust given to secure the note be canceled as a cloud upon plaintiffs' title. The court further ordered that a temporary writ of injunction previously issued restraining Rawling as trustee from selling the land under the terms of the deed of trust be perpetuated. From this judgment Leona Hill has appealed.

Numerous contentions are urged in her brief which we think are unimportant. The first proposition is multifarious, but the record as a whole discloses that the judgment as rendered is erroneous in part.

■ The pleadings of the parties are sufficient to set out the facts and transactions recited in the beginning of this opinion, and the evidence sustaining the facts was all introduced without objection, and we think it sufficient to sustain the verdict and the court's judgment in canceling the deed of trust, except in so far as it secured the amount of the original $100 note and the purchase price of the land due the state of Texas. It seems to be the settled law in this state that, where a married woman executes an instrument conveying her homestead or her separate property, and the instrument is never duly acknowledged by her, it is void as against her for any purpose.

As said in Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) 991, 993: "Whether or not it has any validity depends upon the fact issue of whether or not the grantors appeared before a notary for the purpose of acknowledging the instrument, and this issue in turn, like every fact issue in a civil case, is to be determined by a preponderance of all the evidence. There is no statute or rule of decision that would justify the trial court in instructing the jury upon such an issue that more than a preponderance of the evidence was required upon the part of the complaining grantors, and there is nothing in the stat-

ute or the decisions that would justify the instruction that the testimony of the interested plaintiffs alone would not be sufficient to support a finding in their favor." Lummus v. Alma State Bank (Tex. Civ. App.) 4 S.W.(2d) 195. See, also, 1 Tex. Jur. 587, § 187.

This rule, however, is in favor of the wife and would only operate as to her benefit. The purpose of acknowledging a deed or other instrument, in so far as the husband is concerned, is to entitle it to registration. As between the parties, an acknowledged deed or mortgage, signed by the husband alone, would be sufficient, and the law is well settled in Texas that the husband may transfer the community homestead without the signature and acknowledgment of the wife when not done in fraud of her rights, for the purpose of settling prior existing liens.

As said in Speer's Law of Marital Rights, § 406, p. 510: "The dedication of property as homestead does not invalidate prior existing valid liens and encumbrances, but only prevents others being made. This would be taking one person's property and giving it to another—a thing the law has never sanctioned. If the wife can not assert successfully her homestead rights against a prayer for sale of the property to satisfy prior liens, then no harm can come to her from permitting the husband to make disposition of it for the purpose of adjusting such equities. As against such rights and equities, the homestead right does not attach; so long as they are valid they have precedence of her rights of homestead and hence the husband may adjust them by renewal lien, mortgage, sale in part or even by a complete renunciation of the property so burdened." Chambers & Co. v. Little (Tex. Civ. App.) 21 S.W.(2d) 17; Lennox v. Sanders (Tex. Civ. App.) 54 S. W. 1076; Johnston v. Arrendale, 30 Tex. Civ. App. 504, 71 S. W. 45; Clements v. Lacy, 51 Tex. 150; Gillum v. Collier, 53 Tex. 592; Wheatley v. Griffin, 60 Tex. 209.

Each of the grantees in the several instruments conveying the land from the time when Adams and wife first conveyed it to Wright had, as part of the consideration for such conveyances, assumed the payment of the school land debt due the state and the original note for $100. These being prior liens are in no sense affected by any of the transactions which took place after Wright acquired the title. Out of the $1,800 which Wright borrowed from Darlington, it appears that the debt due the state, together with the amount due upon the $100 note, were paid off and satisfied. These two instruments aggregated the sum of $341, and represented part of the purchase money assumed by Wright and wife when they acquired the property, and, of course, were superior to their homestead claim, and to this extent the note for $1,800 purchased by Leona Hill is a valid subsisting claim, and the trial court erred in canceling the deed of trust lien to that extent.

The judgment is therefore reformed, foreclosing the deed of trust lien against the land in question to secure the said sum of $341 and interest and ordering the sale thereof to pay so much of said judgment, and, as reformed, the judgment is affirmed.

RANDOLPH, J., not sitting.