REYNOLDS MORTGAGE COMPANY ET AL. V. W. P. THOMAS ET UX.

No. 6604. Decided March 27, 1935.
Rehearing overruled May 1, 1935.
(81 S. W., 2d Series, 52.)

*Samuels, Foster, Brown & McGee,* of Fort Worth, and *Goss & Rooney,* of Chicago, Illinois, for plaintiffs in error.

On proposition that contract was not usurious: Spiller v. Bell, 55 S. W. (2d) 634; Jolly v. Fidelity Union Trust Co., 118 Texas, 58, 10 S. W. (2d) 539; Wood v. Sparks, 42 S. W. (2d) 142.

*Bishop & Holland,* of Athens, for defendants in error.

*G. F. Zimmerman,* of Austin, filed brief as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals.

This suit is by W. P. Thomas and wife against Reynolds Mortgage Company and another to recover double the alleged usurious interest paid by them and to have the amount of recovery so applied as to pay off and satisfy the original loan; and in the alternative, in event they are not entitled to recover the statutory penalties, then that they have judgment crediting the note with the full amount they have paid as interest. The case was tried before the court without a jury and judgment rendered in favor of plaintiffs on their alternative plea crediting the principal sum of the loan with the sum paid by plaintiffs. On appeal the Court of Civil Appeals affirmed the judgment of the trial court. 61 S. W. (2d) 1011. On motion for rehearing Associate Justice Looney dissented from the holding of the majority of the court, and filed a dissenting opinion. 61 S. W. (2d) 1015. Application for writ of error was granted on the dissent.

The contract sued on by the plaintiffs is composed of: (1) the principal note in the sum of $3000 to which there was attached 10 interest coupons representing annual interest at the rate of 7½ per cent per annum; (2) a deed of trust given to enforce its payment and covering the lands described in the petition; (3) a second note in the sum of $709.15 which represented interest at the rate of 2½ per cent per annum for the tenure of the $3000 note; (4) a second deed of trust given to enforce the payment of the second note.

The principal note contains a stipulation to the effect that if any one of the annexed interest coupons remains unpaid for 10 days after maturity thereof, or if any covenant contained in the first deed of trust is violated, then at the option of the payee or holder of the note, the whole principal and *interest then accrued* becomes at once due and payable. A statement is embodied in the face of the second note to the effect that it is given for a part of the interest on the $3000 loan. It contains no provision for accelerating maturity.

The second deed of trust declares: (a) that the lien granted is subject to the first mortgage lien; (b) that the obligation referred to therein represents a part of the interest of the $3000 note; (c) that by virtue of default, the entire debt and obligation *intended to be accrued,* at the option of the holder, becomes due and payable.

The majority opinion is predicated upon the view that the stipulations in the second deed of trust, irrespective of the provisions of the principal note and its supporting deed of trust as to the collection of interest, render the contract usurious. The provision of the principal note referred to is:

"That if any one of said annexed interest coupons (representing 7½ per cent. interest) shall remain unpaid for ten days after maturity thereof, or if any covenant or agreement contained in the deed of trust of even date (delivered herewith) be violated, then, at the option of said payee or holder of this bond, the whole principal and interest then accrued shall at once become due and payable. * * *"

The provision of the supporting deed of trust, is:

"If there should be any failure or default in the performance of any of the covenants or agreements herein contained, or if any part of said debt is not paid when due, or if any interest coupon annexed to the herein described bond remains due and unpaid after maturity, or if we shall fail to pay the taxes assessed against the herein described land, or any interest therein, or lien thereon conveyed or created by this instrument, or

chargeable against said bond * * * said bond shall become due and payable without further notice. * * *"

It contains also this stipulation:

"* * * that we will pay any taxes that may be hereafter provided for by law, and laid on or assessed against any right, title or interest, or lien on said land created by this instrument and chargeable to the holder of, or of the bond secured hereby, when due; provided, however, that this clause shall not be construed so as to require us to pay interest on the said bond at a rate greater than ten percentum per annum, and should the rate of interest provided for herein in said taxes exceed said rate, then the holder of the bonds secured hereby shall pay such excess."

The second deed of trust provision referred to is:

"* * * but should default be made in the payment of said debt, or of any part or installment thereof, principal or interest, or in observing and keeping any terms, covenant or condition in said first mortgage lien contained to be kept and observed by grantors herein, then the entire debt and obligation intended to be secured herein shall, at the option of the holder thereof, at the time of such breach or any time thereafter, become due and payable.* * *"

Preference was given in the majority opinion to the foregoing provision of the second deed of trust over the provisions in the principal note and the first deed of trust securing same, to the effect that a default in the payment of an interest coupon permits collection of the principal note and *interest then accrued,* and in disregard of stipulations of the second note and deed of trust to the effect that the second note represented a *part* of the interest on the loan.

Justice Looney holds in the dissenting opinion that the provision of the $3000 note representing the debt, and stipulating for accelerated maturity of the principal note and the collection of *accrued interest,* in the absence of an express agreement to the contrary, matures all accrued interest however evidenced; that unaccrued interest is thereby abated, thus purging the contract of the taint of usury; that the language of the second deed of trust, to-wit: "that the entire debt and obligation intended to be secured herein, shall, at the option of the holder become due and payable" should not be construed to mean that the entire unpaid balance of the interest note becomes due and payable; and holds also that the intention to collect unlawful interest in the contract is imputed by construction only, and that such construction of the contract was neither a reasonable nor necessary one, and that the construction which should be

placed on the contract is that it matures, and the intention was to mature, all interest *then accrued* on the second note; and that unlawful intent should not be imputed where a lawful one might just as consistently be imputed; and that where a contract is capable of two interpretations, one rendering it void, and the other valid, the latter should be adopted.

This case is controlled by Dugan v. Lewis, 79 Texas, 247, 14 S. W., 1024, as approved by Shropshire v. Commerce Farm Credit Company, 120 Texas, 400, 30 S. W. (2d) 282, 39 S. W. (2d) 11. In view of the fact that the legal principles above enumerated as applied in the dissenting opinion have been approved in the case of Braniff Investment Company v. Robertson (Com. App.), 124 Texas, 524, 81 S. W. (2d) 45, upon a statement of facts sufficiently kindred to invoke their application, and after a full discussion thereof, an extended discussion is not here necessary. The terms of the contract construed together reflect a studied intent on the part of the parties to avoid offending against the usury statute. The terms are reasonably and fairly explainable as appears from the dissenting opinion, on the hypothesis of their legality, and a usurious result should not be inferred. Certainly such result should not be inferred when to do so the provisions of the second deed of trust must be made to render nugatory the clear stipulation of the $3000 note, with reference to accrued interest. Shropshire v. Farm Credit Company, supra; Braniff Investment Company v. Robertson, supra; Shive v. Braniff Investment Company, 68 S. W. (2d) 564.

■ Defendants in error urge that the interest note is a negotiable instrument given for interest only payable at the order of the Mortgage Company, and that if assigned before maturity it becomes a valid obligation against the maker in the hands of an innocent assignee, and states that the purchaser, before maturity, is not required to look beyond its terms. The same contention was made in Braniff Investment Company v. Robertson, supra. It is there pointed out that under facts similar to those here involved in which the stipulations of the notes and deeds of trust speak their meaning, as through one instrument, the question of innocent purchaser can not arise, and that the borrower or holder is protected against both usury and a double recovery. Braniff Investment Company v. Robertson, supra.

The judgments of the trial court and Court of Civil Appeals are reversed, and judgment is here rendered in favor

of plaintiffs in error that defendants in error take nothing by their suit.

Opinion adopted by Supreme Court March 27, 1935.