THE MARBLE SAVINGS BANK V. ANNA GRAY DAVIS.

No. 6731. Decided March 27, 1935.
Rehearing overruled May 1, 1935.
(80 S. W. 2d Series, 298.)

*E. R. Pedigo* and *G. F. Zimmermman,* both of Austin, for plaintiff in error.

On question of whether contract was usurious: City of Memphis v. Browder, 12 S. W. (2d) 160 (Com. App.); Hughes v. Bryson, 29 S. W. (2d) 898; Word and Phrases, First Series, 7206.

*Neyland & Neyland,* of Greenville, for defendant in error.

*M. W. Terrell,* of San Antonio, and *Royce A. Oxford,* of Plainview, filed briefs as amici curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals.

This case was upon an agreed statement of facts and the sole question for decision is one of usury. The trial court held the contract was usurious and its judgment was affirmed by the Court of Civil Appeals. 69 S. W. (2d) 812. A full statement of facts is found in the opinion of the Court of Civil Appeals, and we set out here only such provisions of the contract as will enable us to dispose of the question for decision.

The principal note was dated February 1, 1922. It was for the sum of $2,350.00, payable January 1, 1933, with provisions for partial payments on interest dates. It provided for

interest at the rate of 7 per cent per annum, payable annually, "according to the terms of coupon interest notes of even date herewith and hereto attached." This principal note was to bear interest after maturity at 10 per cent.

There were eleven coupon interest notes attached, the first payable January 1, 1923, and the others payable annually thereafter. There is no contention that the interest represented by these respective coupons amounted to more than 10 per cent on the principal note for any one year during which the indebtedness may have subsisted. The only claim urged is that the contract was usurious by reason of the acceleration clause contained in the deed of trust securing the principal note and the attached interest coupons.

There was only one deed of trust. The purpose clause of the deed of trust showed that it was intended to secure the payment of the note for $2,350.00, "together with interest thereon from date until maturity, payable annually—according to the tenor and effect of interest coupon notes thereto attached."

The default clause, with the portion which defendant in error says makes the contract usurious, indicated by italics, is as follows.

"But if default be made in the payment of any indebtedness herein provided for, whether principal or interest, when the same becomes due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, then *the whole of the indebtedness may, at the option of said third party, or any holder of said note or notes, or other indebtedness secured hereby, without notice to said grantors, be declared due and payable,* and the said third party, or any holder of said note or notes, or other indebtedness secured hereby, may, at its or their option, institute proceedings respectively for the collection at law or in equity, of such amounts as may then be unpaid, or the said party of the second part or his successors hereunder when so requested by the third party, or any legal holder of said note or notes, shall take possession of said property and shall sell or cause the same to be sold, or so much thereof as may seem to him necessary to meet said indebtedness and the expense of executing this trust. * * * And shall receive the proceeds of such sale to be applied as follows: * * * Third, to the whole debt due to the said third party, its successors or assigns, together with all interest thereon; etc."

The cases of American Trust Co. v. Orson, 65 S. W. (2d)

779, and Bankers Life Ins. Co. v. Muller, 68 S. W. (2d) 574, in which writs of error have been refused, and the case of The Lincoln National Life Ins. Co. v. Kin V. Anderson by this court (124 Texas, 556, 80 S. W. (2d) 294) directly in point, and are authority for holding that the contract in this instance was not usurious. These cases are based on the decision in Dugan v. Lewis, 79 Texas, 246, 14 S. W., 1024; 12 L. R. A., 93; wherein it was held that a provision that "the whole sum of money secured" might be declared due and payable did not render· the contract usurious. The language of the present contract, to-wit: "the whole of the indebtedness," in the light of all the provisions of the contract, is subject to the same interpretation as the language in the case of Dugan v. Lewis. This is obvious from the succeeding language to the effect that the holder of the note might institute proceedings for the collection of "such amounts as may then be unpaid." Clearly this had reference to principal and accrued interest. This conclusion is also supported by the further language to the effect that proceeds of the sale of the land should be applied to satisfaction of "the whole debt *due.*" This very clearly contemplated only earned or accrued interest. National Life Association v. Berkley, 97 Va., 571, 34 S. E., 459.

■ The Honorable Court of Civil Appeals stated: "If the language of either the principal note or the deed of trust had indicated, as some of the reported cases show, the meaning of the 'whole indebtedness' to be the principal and 'accrued interest,' then a different situation may have been present here."

The court, however, further stated: "But it is thought that this construction is not the necessary and unavoidable one." This accounts for the erroneous holding of the court. Under the often repeated rule of this court, that if the contract be fairly susceptible of a construction under which it may be upheld, it is the duty of the court to give it such construction, it is not essential that the construction here given the language "the whole of the indebtedness" be the unavoidable one. It is only essential that this be a reasonable interpretation in the light of the terms of the contract as a whole.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded with instructions that the trial court enter judgment for the plaintiff in error, The Marble Savings Bank, against the defendant in

error, Anna Gray Davis, in accordance with the agreement of the parties in the case.

Opinion adopted by Supreme Court March 27, 1935.