**KENYON et ux. v. STOUFFLET et al.**

No. 9581.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Denied July 24, 1935.

J. F. Carl, of Edinburg, and Strickland, Ewers & Wilkins, of Mission, for plaintiffs in error.

Allen, Helm, Jacobs & Settegast, of Houston, and W. H. Gassage, of San Juan, for defendants in error.

BICKETT, Chief Justice.

This suit was instituted by O. M. Kenyon and wife, Ethel Kenyon, against Gilbert Stoufflet, Southmost Securities Company, a corporation, and T. C. Gill, sheriff of Hidalgo county, Tex., seeking, in effect, to cancel five deeds of trust executed by O. M. Kenyon and a deed executed by O. M. Kenyon and Ethel Kenyon, and to enjoin a sale under an execution and order of sale issued upon a judgment foreclosing the liens of the deeds of trust. The district court peremptorily instructed the jury to return a verdict for defendants Stoufflet and Southmost Securities Company. Judgment was, accordingly, rendered against the Kenyons and in favor of Stoufflet. The Kenyons present this appeal.

The controlling issue is as to the validity of the deeds of trust and the deed, as against the homestead claims of the Kenyons.

O. M. Kenyon purchased 52.15 acres of land in Hidalgo county, Tex., in 1919, moved upon it with his wife shortly thereafter, and continued to reside there until the time of the trial.

On or about July 29, 1929, Kenyon executed and delivered four series of notes and one single note, aggregating $7,200, and payable to Lee M. Green, and, also, executed five deeds of trust, securing payment of each of the series of notes, and the one note, respectively, and covering all together the 52.15-acre tract. Kenyon then owed taxes upon this property amounting to approximately $2,000. A tax suit was pending against him for the collection of the several years' delinquent taxes upon the property. A money judgment had been rendered against him, and an abstract of the judgment had been recorded. In this situation, he desired to pay his taxes and the judgment debt, to plant the land in citrus trees, and to sell it out in small tracts. At the request of Kenyon, Green paid the accrued taxes and the judgment debt. Green, also, set out the land in trees, many of which were killed by a freeze and the remainder of which were moved by Kenyon to another tract not involved in this suit and still owned by him. Thus arose the indebtedness evidenced by the notes.

On July 29, 1929, O. M. Kenyon and Ethel Kenyon executed and delivered to Green an affidavit, stating that they did not claim, use, or occupy the land referred to as their homestead, and designating a certain lot in the town of San Juan as their homestead. The Kenyons never, in fact, used the lot for the purpose of a home.

On October 23, 1930, O. M. Kenyon and Ethel Kenyon executed and delivered to B. Stack a deed, conveying to the latter the land in question for the recited consideration of the payment of $10 and other good and valuable considerations, paid and secured to be paid, and, further, the grantee's assumption of the payment of, and his agreement to pay, the four series of notes and the one note above mentioned, and the agreement of the grantee to pay all taxes for the year 1929 and subsequent years. The deed recited the reservation of a vendor's lien to secure the payment of the

notes. The certificate of acknowledgment was in due form as to both the husband and the wife and was executed by W. H. Gossage, as a notary public. Ethel Kenyon, however, denied that she acknowledged the execution of the deed before the notary. Mr. Gossage testified that she did duly acknowledge the execution of the deed.

The record title came into Gilbert Stoufflet by successive conveyances as follows, to wit, from B. Stack to Bankers Securities Company, a corporation; from Bankers Securities Company to Provident Land & Securities Company, a corporation; from Provident Land & Securities Company to Bankers Securities Company; from Bankers Securities Company to J. D. Dowell; and from J. D. Dowell to Gilbert Stoufflet. Each grantee before Dowell assumed the payment of the notes aggregating $7,200.

Those notes and the liens securing payment thereof were transferred and assigned by Green to Southmost Securities Company, a corporation, on May 23, 1931.

On February 17, 1932, Southmost Securities Company instituted suit against O. M. Kenyon, B. Stack, Bankers Securities Company, and Provident Land & Securities Company upon the notes and for the foreclosure of the liens. Kenyon signed a waiver of issuance and service of citation as to himself, with the agreement that no deficiency upon the judgment after sale of the security property should be enforced against him. Judgment was rendered on March 28, 1932, establishing the debts and foreclosing the liens and ordering the property sold to satisfy the judgment.

Southmost Securities Company assigned the judgment to J. D. Dowell on March 31, 1932.

Dowell conveyed the property and assigned the judgment to Stoufflet on July 1, 1932.

In addition to $2,042.97 of taxes paid by Green at the time the tax suit was dismissed and the notes were executed, Stoufflet and Bankers Securities Company paid the further sum of $2,670.49 for taxes on this property up to the time of the trial. The total of taxes so paid was $4,713.46, which with interest added at the rate of 6 per cent. per annum from dates of payment made $5,509.97. Stoufflet and Bankers Securities Company, also, paid for orchard care, from the time the trees were set out until the date this suit was filed,

a total of $3,148.29. The total amount paid, including taxes, cost of trees, orchard care, and discharge of the abstracted judgment held by Edinburg Building Company, was $14,640.47.

The trial pleadings of the Kenyons consisted of: (1) A count in trespass to try title, containing the usual formal allegations; (2) a count, in the alternative, for cancellation and removal of cloud from title, asserting the homestead character of the property and the invalidity of the deeds of trust, deed, and foreclosure judgment.

The answer of Stoufflet included: (1) A plea of res judicata; (2) a general demurrer and special exceptions; (3) a plea of not guilty; (4) a general denial; (5) a special answer, alleging the validity of the deed of trust liens given to secure payment of debts superior to the homestead claim, pleading estoppel, asserting the validity of the deed given in consideration of the adjustment of community obligations, at least, in part enforceable against the property, and setting forth fully his record title and the facts giving rise thereto; and (6) a pleading, in the alternative, of payment of taxes and making of improvements in good faith. Stoufflet filed a cross-action containing a count in trespass to try title.

The judgment, following the instructed verdict, sustained the validity of the deeds of trust, deed, and foreclosure judgment, and adjudged the title and right of possession to be in Stoufflet.

The only assignments of error presented attack the action of the trial court in giving the peremptory instruction, upon the grounds that there were fact issues to go to the jury as to whether: (1) Ethel Kenyon acknowledged the execution of the deed; (2) whether Ethel Kenyon estopped herself to complain of the binding effect of the deed; and (3) what part, if any, of the amount of the foreclosure judgment represented a prior existing lien debt or superior equity against the property, in view of the absence of any statement in the pleadings or judgment in that suit as to such facts.

But, irrespective of the state of the evidence on those questions of fact, there is an underlying rule of law that is decisive of the case, namely, that the husband, if not acting in fraud of the rights of the wife, may, without her joinder, encumber or dispose of the community homestead in the adjustment of the preceding liens or equities enforceable against it. The undis-

puted evidence is that there was a pending tax suit seeking the collection of three years' delinquent taxes and the foreclosure of the undoubted superior tax lien against the property, that the Kenyons were financially unable to pay those taxes, that at Kenyon's request Green paid those taxes amounting to $2,042.97, and that Kenyon executed the deeds of trust to secure the payment of that amount so advanced by Green and included in the amount of the notes. More than a year later, Kenyon and wife executed the deed, the acknowledgment of which she disputes, conveying the property to B. Stack in consideration, in part, of the grantee's assumption of and agreement to pay those notes, including, as stated, $2,042.97 tax debts against the property, and, also, in consideration of the grantee's assumption of and agreement to pay "all taxes for the year 1929 and subsequent years," including, thus, two years' tax debts then due and payable. There are no circumstances showing any fraud upon Kenyon's part against the rights of his wife. In this situation, the deeds of trust, at least to the extent of the advancement for taxes, and the deed executed by Kenyon, even without the joint execution and acknowledgment of the wife, were valid. Clements v. Lacy, 51 Tex. 150; Cooper v. Hinman (Tex. Com. App.) 235 S. W. 564; Gillum v. Collier, 53 Tex. 592; McNeal v. McCraw (Tex. Civ. App.) 15 S.W.(2d) 139; Driscoll v. Morris (Tex. Civ. App.) 275 S. W. 196; Hill v. Wright (Tex. Civ. App.) 30 S.W.(2d) 812; Speer, Law of Marital Rights in Texas (3d Ed.) p. 573, § 474.

As a corollary to the foregoing rule, the wife is not a necessary party to a foreclosure suit seeking the foreclosure of a valid lien on the community homestead. Kenyon, in the exercise of his rights in the management of the community affairs, executed a waiver of issuance and service of process in consideration of an agreement for a release of personal liability for any deficiency under the judgment. The liens sought to be foreclosed were valid, as shown above. It was immaterial that Ethel Kenyon was not made a party to the suit. And the judgment of foreclosure was valid. Cooper v. Hinman, supra; Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Power v. Westhoff (Tex. Civ. App.) 4 S.W.(2d) 274, 277; Investors' Mortgage Security Co. v. Loyd, 11 Tex. Civ. App. 449, 33 S. W. 750; Central Coal & Coke Co.

v. Henry (Tex. Civ. App.) 47 S. W. 281; Nichols v. Dibrell, 61 Tex. 539.

The husband having executed deeds of trust upon the community homestead, securing, in part, the payment of money advanced for taxes upon it, and having executed a conveyance based upon the consideration, in part, of the grantee's assumption of and agreement to pay the notes secured by the deeds of trust and to pay other taxes then accrued upon the homestead, and having entered his appearance in a suit already terminated by judgment of foreclosure of the liens of the deeds of trust, the husband and wife, by their failure to tender the amount of the taxes paid by the mortgagee under the deeds of trust and by the grantee, or his vendees, under the deed, are not entitled to the equitable relief sought in a subsequent suit for the cancellation of the deeds of trust and the deed and for an injunction restraining the enforcement of the former judgment of foreclosure. Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Pearson v. Cox, 71 Tex. 246, 9 S. W. 124, 10 Am. St. Rep. 740; Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647; Chambers & Co. v. Little (Tex. Civ. App.) 21 S.W.(2d) 17; Galbraith-Foxworth Lumber Co. v. Long (Tex. Civ. App.) 5 S.W.(2d) 162.

The judgment of the district court is affirmed.