TRAVELERS INS. CO. et al. v. ANDERSON et ux.

No. 1627.

Court of Civil Appeals of Texas. Waco.
Dec. 5, 1935.

Rehearing Denied Jan. 9, 1936.

Baker, Botts, Andrews & Wharton, of Houston, and Tirey & Tirey, of Waco, for appellants.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellees.

ALEXANDER, Justice.

In 1926, W. J. Anderson and wife executed and delivered to the Republic Trust & Savings Bank a deed of trust on 102½ acres of land in McLennan county to secure payment of a note in the sum of $3,800. This note with the lien was assigned to the Travelers Insurance Company. In 1931, Anderson and wife executed and delivered to George M. Bailey, Jr., agent for the holder of said note, a warranty deed to said land in consideration of his assumption and payment of the debt evidenced by said note and secured by said deed of trust. Shortly thereafter Bailey conveyed said land to the Travelers Insurance Company in cancellation of said note. This suit was brought by Anderson and wife against the Travelers Insurance Company and others to cancel said note and deed of trust on the ground that the loan contract was usurious and a sufficient amount had been paid as interest to discharge the principal of the note. The suit also sought cancellation of the deed executed by them to Bailey and the deed from Bailey to Travelers Insurance Company because said deeds were without consideration and because the property attempted to be conveyed was the homestead of the grantors and the deed from Anderson and wife was not properly acknowledged by the wife. The defendant entered a general denial and various other defenses and by cross-action sought judgment in the alternative for its debt, with foreclosure of its lien. In a trial before the court without a jury the court canceled the deeds in question, held that the contract was usurious, and after crediting the principal of the note with all interest payments, allowed the defendant judgment on its cross-action for the balance of $285.08, with foreclosure of its lien. The loan company appealed.

We will first determine whether or not the contract was usurious. The transaction in question originated on February 12, 1916. At that time Anderson and wife executed and delivered to Texas Farm Mortgage Company one principal note for the sum of $3,500 due in ten years, with interest at the rate of 6 per cent. per annum as per eleven interest coupons attached and payable annually. It was provided that said note should bear interest at the rate of 10 per cent. per annum after maturity. The coupons attached to said note were not introduced in evidence, and the record does not otherwise disclose their contents. Said note was given in renewal of seven vendor's lien notes in the principal sum of $3,500 outstanding against said land and held by Texas Farm Mortgage Company. Said $3,500 note gave the makers the option to pay certain portions of the principal prior to the regular maturity date thereof, and further provided: "And such payments, if any, shall reduce proportionately the amounts of the unmatured interest notes recited in and secured by both trust deeds." It did not contain any acceleration clause. It was secured by a first deed of trust on the land in question, which deed of trust provided

that in certain contingencies "the whole of the indebtedness secured in and by this instrument may * * * be declared due and payable. * * *" At the same time and as a part of the same transaction Anderson and wife executed and delivered to Texas Farm Mortgage Company two principal notes for the sum of $250 each, and one installment note for $937.95. The two notes for $250 each were given in renewal of outstanding vendor's lien notes in a like amount and were subsequently paid and require no further consideration herein. None of these notes were introduced in evidence, but the note for $937.95 was described in a second deed of trust given on the land to secure the payment of same as follows: "A promissory note for Nine Hundred and Thirty-seven and $\frac{95}{100}$ Dollars, of even date herewith, payable in installments, as therein specified, containing the usual 10% attorney's fee clause, each installment thereof, bearing interest after due at the rate of 10% per annum, * * * This deed of trust is made subject and second to a First deed of trust of even date herewith, executed by the parties of the first part, to Leslie Waggener, Trustee, for the Texas Farm Mortgage Company, securing a principal note for Three Thousand and Five Hundred Dollars, payable to the said Texas Farm Mortgage Company, and the installment note herein described and secured is given for a part of the interest on said $3500.00 loan." Said deed of trust further provides that in the event of default "the whole sum of money hereby secured shall become due and payable at the election of the holder thereof. * * *" It further provided in the event of a sale by the trustee he should apply the proceeds, "1st, to the expense of making the sale, including the trustee's commission; 2nd, to the payment of the amount due on the notes hereby secured; 3rd, to the payment of any delinquent principal or interest, or any taxes, attorney's fees, or other sums due under said First Trust Deed, according to the terms thereof, and the balance, if any, to the parties of the first part, their heirs or assigns." The principal note for $3,500 was assigned to the Travelers Insurance Company and the installment note for $937.95 retained by Texas Mortgage Company.

On October 7, 1926, Anderson and wife, for the purpose of renewing and extending the time of payment of the above-described indebtedness against said land, executed and delivered to Republic Trust & Savings Bank (successors to Texas Farm Mortgage Company), who was then acting as agent for the Travelers Insurance Company, one note for $3,800 due in ten years, with interest at 5½ per cent. as per ten interest coupons attached, payable annually. This note was then assigned to Travelers Insurance Company in consideration of the surrender by it of the original note for $3,500, with accrued interest thereon in the sum of $280 and payment of $20 advanced for taxes. The terms of this note, together with the interest coupons attached and provisions for payments in installments and proportionate reduction of accrued interest, were identical with the terms of the original $3,500 note heretofore described. It was secured by a first deed of trust on the land in question, which deed of trust was identical in form with reference to acceleration of maturity and other pertinent provisions as that given to secure the original $3,500 note. At the same time Anderson and wife executed and delivered to the Republic Trust & Savings Bank a second lien note in the sum of $382.53 payable in installments, which note was given for additional interest on the $3,800 note. The pertinent provisions of this note and the second deed of trust given to secure payment of same are identical with the provisions of the second lien note for $937.95 executed in 1916 and the deed of trust given to secure same. This note was retained by the Republic Trust & Savings Bank.

The two deeds of trust given in 1916 and the note secured thereby all grew out of the same transaction and must be construed together as one contract. Braniff Investment Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45. The same is true of the second deed of trust executed in 1926 and the notes secured thereby.

It is clear that neither of said contracts on its face provided for a greater rate of interest than 10 per cent. per annum, and they were therefore not usurious unless they were made so by virtue of the acceleration clauses contained in the deeds of trust. The first deed of trust given in each instance provided that in case of default "the whole of the indebtedness secured in and by this instrument may * * * be declared due and payable," while the second deed of trust provided that in the event of default "the

whole sum of money hereby secured shall become due and payable." Similar contracts have been considered by our Supreme Court in numerous other cases and in each instance that court has held that such contracts are not usurious. Zapalac v. Travelers Ins. Co. (Tex.Civ.App.) 84 S.W.(2d) 818 (writ refused); Zapalac v. Travelers Ins. Co. (Tex.Civ.App.) 84 S.W.(2d) 820 (writ refused); Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, 81 S.W.(2d) 1112; Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935, 937; Marble Savings Bank v. Davis, 124 Tex. 560, 80 S. W.(2d) 298; Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S.W.(2d) 295; Bankers' Life Co. v. Miller (Tex. Civ.App.) 68 S.W.(2d) 574 (writ refused).

The fact that the note and deed of trust in each instance provided that the note secured thereby should bear interest at 10 per cent. per annum after maturity did not render the contract usurious. This is so because the second deed of trust in each instance disclosed on its face that the note secured thereby was given for a part of the interest on the principal note described in the first deed of trust and that said second deed of trust was subject to the first deed of trust, and there is nothing to show that the note secured by the second deed of trust did not contain a similar provision. Since these instruments all constitute parts of the same transaction and must be construed together as one contract, it is apparent that one purchasing the second lien note would have taken same with notice of the fact that it represented unmatured interest on the principal note, and that, in the event of acceleration of the maturity of the principal note, he could not collect such portion of the second lien note as represented unaccrued interest. Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, par. 5; Reynolds Mortgage Co. v. Thomas, 124 Tex. 570, 81 S.W.(2d) 52, par. 2; Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935, par. 7; Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54. The provision for interest on the principal note at 10 per cent. per annum after maturity merely authorized the substitution of a new rate of interest in lieu of the contract rate in the event of acceleration of the maturity of the notes, and it did not have the effect of allowing a recovery of 10 per cent. interest in addition to the interest already provided for. Walker v. Temple Trust Co. supra; Peoria Life Ins. Co. v. Harton (Tex.Civ.App.) 84 S. W.(2d) 864 (writ refused); Marble Savings Bank v. Davis, 124 Tex. 560, 80 S. W.(2d) 298; Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45; Reynolds Mortgage Co. v. Thomas, 124 Tex. 570, 81 S.W.(2d) 52.

In the cases of Marble Savings Bank v. Davis, supra, Braniff Inv. Co. v. Robertson, supra, and Reynolds Mortgage Co. v. Thomas, supra, the deeds of trust contained similar provisions as the contracts here under consideration with reference to the rate of interest after maturity, and those contracts were held not to be usurious. In Walker v. Temple Trust Co., supra, the court said: "As related to the foregoing principle of construction, we may say that as unearned interest is no part of an indebtedness at the time of prematurity under an option by the lender, it is therefore uncollectible because of lack of consideration, and the presumption is that it was not to be collectible in the event of acceleration of undue interest installments; therefore, the rule should be, as clearly recognized in motion for rehearing in the Shropshire Case (Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269), that unless the contract by its express and positive terms evidences an intention which requires a construction that unearned interest was to be collected in all events, the court will give it the construction that the parties intended that the unearned interest should not be collected." The identical question here involved was before the Court of Civil Appeals of Dallas in Peoria Life Ins. Co. v. Harton, supra. That court held contrary to the contention here made by appellees and the Supreme Court refused a writ of error. Appellees rely on what they assert is a contrary holding by the El Paso court in the case of Ward v. Pace (Tex.Civ.App.) 73 S.W.(2d) 959, in which the Supreme Court refused a writ of error. There is nothing, however, in that case to show that the second lien note or either of the deeds of trust disclosed on its face that said second lien note represented a part of the interest to accrue on the principal note. For that reason the holding in Ward v. Pace is distinguishable from the case here under consideration.

From what has been said, it is apparent that the contract here under consideration was not usurious and that Anderson and wife were not entitled to have payments theretofore made by them as interest applied to the discharge of the principal of said indebtedness. They had not paid any part of the principal of the $3,800 note at the time they conveyed the land to George M. Bailey, Jr., in 1931 in consideration of his assuming and agreeing to pay the principal of the indebtedness evidenced by said note. There was therefore no lack or failure of consideration for said conveyance, and the trial court erred in so holding.

The land in question was the community homestead of Anderson and wife. The evidence shows that Mrs. Anderson's acknowledgment to the deed to George M. Bailey, Jr., was not taken in the manner required by law. For this reason, the trial court held the conveyance void. This, we think, was error. The husband signed and acknowledged the deed in due form. There is no contention that he was attempting to perpetrate a fraud on his wife. The note for $3,800 which Bailey, as agent for the Travelers Insurance Company, assumed and agreed to pay in consideration for said deed, and which was canceled by the Travelers Insurance Company in consideration for the conveyance to it from George M. Bailey, Jr., was secured by a valid vendor's lien on said land, which lien was superior to the homestead claim. Mr. and Mrs. Anderson both testified that at the time of the execution of the deed to Bailey they were behind in the payment of taxes and interest on the $3,800 note and were unable to pay said indebtedness, and had reached the conclusion that it would be the best for them to convey the land to the loan company in cancellation of said indebtedness. They testified that they conveyed the land to Bailey as agent for Travelers Insurance Company for the purpose of being relieved of liability on said note. It is well settled that the husband may transfer the community homestead without the signature and acknowledgment of the wife when it is done for the purpose of settling liens that are superior to the homestead claim, provided this is done in good faith and without a purpose to defraud the wife of her homestead rights. 22 Tex.Jur. 125; Speer's Law of Marital Rights, § 406, p. 510; Clements v. Lacy,

51 Tex. 150, 160; Roy v. Clarke, 75 Tex. 28, 12 S.W. 845; Hill v. Wright (Tex. Civ.App.) 30 S.W.(2d) 812; Driscoll v. Morris (Tex.Civ.App.) 275 S.W. 196, par. 2; McNeal v. McCraw (Tex.Civ.App.) 15 S.W.(2d) 139, par. 1; Cooper v. Hinman (Tex.Com.App.) 235 S.W. 564.

The judgment of the trial court is reversed, and judgment here rendered that the plaintiffs take nothing.