**TRAVELERS INS. CO. v. LEE et al.**

No. 1738.

Court of Civil Appeals of Texas. Waco.

May 7, 1936.

/

R. A. Kilpatrick, of Cleburne, and Baker, Botts, Andrews & Wharton, of Houston, for plaintiff in error.

John B. Poindexter, Jr., of Dallas, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by defendants in error, Jink Lee and wife and Sue Mildred Gilkison (nee Lee) and her husband, against plaintiff in error, Travelers Insurance Company, and against Texas Farm Mortgage Company. The parties will be designated as in the trial court. Plaintiffs alleged that on April 1, 1922, said Lee and wife and their daughter, Sue Mildred Lee, then unmarried, executed their promissory note, payable to the order of Texas Farm Mortgage Company on January 1, 1933, for the principal sum of $11,430; that interest was payable thereon on the 1st day of January of each year there-

after at the rate of 6½ per cent. per annum, according to interest coupons thereto attached; that it was further provided therein that said note and the coupons attached thereto should bear interest after maturity at the rate of 10 per cent. per annum. Said note was secured by a deed of trust covering 300 acres of land in Johnson county, which authorized a sale of the property by the trustee therein named upon certain defaults. Said plaintiffs, at the same time and as further interest on said principal note, executed and delivered to the Texas Farm Mortgage Company their promissory note for $1,-843.08, $128.59 of which was payable on January 1, 1923, and the remainder thereafter in equal annual installments of $171.45 each. Said several installments represented interest on the principal note at the rate of 1½ per cent. per annum, and bore interest after maturity at the rate of 10 per cent. per annum. Plaintiffs executed a deed of trust on the same land to secure the payment thereof, which deed of trust recited that the notes (installments) secured thereby were for additional interest on the principal note aforesaid, and authorized a sale of said land by the trustee therein named upon certain defaults. Plaintiffs alleged that under the terms and provisions of the several instruments aforesaid, said transaction provided for the payment of more than 10 per cent. per annum in certain contingencies and was grossly usurious. Plaintiffs further alleged that they had paid certain of said interest coupons attached to the principal note and had also made certain payments on said installment note, and asked that the transaction be declared usurious; that all said payments be credited on the principal of the original note; and that the unpaid remainder of the installment note, together with the deed of trust securing the same, be canceled.

Defendant Travelers Insurance Company incorporated in its answer a cross-bill against plaintiffs, in which it sought judgment for the full amount of said principal note, with interest and attorney's fees as stipulated, and also for the amount paid by it as taxes on the land covered by its deed of trust, and for foreclosure of its lien.

There was a trial to the court. The parties filed a written stipulation that plaintiffs had made certain payments on

the interest on the principal note and also certain payments on said installment note. The court held said transaction usurious, and in accordance with the terms of said stipulation, ordered the principal note credited with $6,036.35 paid by plaintiffs to the Travelers Insurance Company as interest on said principal note, and with the further sum of $1,328.70 paid by them to Texas Farm Mortgage Company on said installment note. The court further canceled the unpaid balance of the installment note and the deed of trust securing the same, and rendered judgment on said defendant's cross-action for the sum of $5,413.48, the remainder due on said principal note without interest, together with certain taxes on the land described in the deed of trust, which had been paid by said defendant, and awarded a foreclosure of lien on said land to secure the payment thereof. Said judgment is presented to this court by writ of error sued out by defendant Travelers Insurance Company alone.

## Opinion.

Defendant's principal contention is that the court erred in holding that the provisions of the several instruments executed and delivered by said plaintiffs to the Texas Farm Mortgage Company, considered together, disclosed a purpose on the part of said corporation, the payee in said notes, to require the payment of interest on the loan made by it to said plaintiffs at a higher rate of interest than 10 per cent. per annum, and that the same rendered the transaction usurious. The judgment of the court contained no recital of the facts upon which the conclusion of usury was based. Findings of fact by the court were neither requested nor filed. Plaintiffs have failed to file a brief in this cause. We therefore recur to their petition to ascertain the basis of their claim. It appears from their petition that they rely on the acceleration clause in the second deed of trust to show usurious requirements. The principal note contained no provision for acceleration. The installment note was not introduced in evidence, but there is no contention that it contained any provision for acceleration. There is no contention that the acceleration clause in the deed of trust securing the principal note and its coupons can be construed to require the payment of usurious interest. We do not deem a verbatim recital of the provisions of the acceleration clause in the second deed of trust

securing the installment note necessary. The material provisions thereof, briefly stated, are that it was made subject and second to the deed of trust securing the principal note; that if default were made in the payment of any of the installments of the note secured thereby, or if any of the covenants contained in the first deed of trust were breached, "the whole sum of money hereby secured shall become due and payable at the election of the holder"; that in such event the trustee named therein, upon request of such holder, should proceed to sell the property in the manner stipulated and should apply the proceeds of such sale as follows: "1st, To the expense of making the sale, including the trustee's commission; 2nd, to the payment of the amount due on the notes hereby secured; 3rd, to the payment of any delinquent principal or interest, or any taxes, attorney's fees, or other sums due under said first trust deed, according to the terms thereof, and the balance, if any, to the parties of the first part, their heirs or assigns."

The provision contained in the several notes in evidence in this case that all sums past due, whether principal or interest, should thereafter bear interest at the rate of 10 per cent. per annum, did not render the transaction usurious. Wichita Falls Building & Loan Ass'n v. Moss (Tex.Civ.App.) 82 S.W.(2d) 171, 174, par. 1, and authorities there cited; Travelers Ins. Co. v. Anderson (Tex.Civ. App.) 89 S.W.(2d) 428, 431, pars. 3 and 4, and authorities there cited. The deed of trust which secured the installment note, as hereinbefore stated, recited that such note was for additional interest on the principal note. The language of the acceleration clause contained in such deed of trust that in event of any default "the whole sum of money hereby secured shall become due and payable at the election of the holder," has been construed many times and held to include only such part of the whole sum secured as represented interest actually earned at the time of the acceleration. Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, par. 2, 81 S.W.(2d) 1112; Travelers Ins. Co. v. Anderson, supra, 89 S.W.(2d) 428, at page 430, par. 2, and authorities there cited; Connecticut General Life Ins. Co. v. Johnson (Tex.Civ.App.) 89 S.W.(2d) 1106, 1108, and authorities there cited. So construed, the acceleration clause here under consideration did not render the

contract usurious. While there are material differences in the facts involved in this case and those involved in Travelers Insurance Company v. Anderson, supra, the essential provisions of the several instruments evidencing the transaction in this case are substantially the same as the provisions of such instruments in that case. We held in that case that the transaction was not usurious, and such holding controls the disposition of this appeal.

The defendant Texas Farm Mortgage Company has not appealed from the judgment rendered against it in favor of plaintiffs, and such judgment is not disturbed. So far as the judgment of the trial court establishes the right of plaintiffs to have interest payments credited on the principal of the note held by defendant Travelers Insurance Company, and so far as such judgment awards said defendant recovery on its cross-action only for the amount of said note after application of such credits, the same is here reversed and the cause remanded, with instructions to the trial court to deny said plaintiffs credit on the principal of said note for any interest paid, and to render judgment in favor of said defendant against the proper parties plaintiff for the full amount of the principal note of $11,430, together with all unpaid interest thereon and attorney's fees as provided therein, with a foreclosure of the lien securing the same.